# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

KHALED GABR,                 )
                                  )
      *Plaintiff*,          )
                                  )    CA NO.
vs.                          )
                                  )    COMPLAINT
WELLS FARGO BANK, N.A. AS   )
TRUSTEE FOR SECURITIZED ASSET  )
BACKED RECEIVABLES, LLC 2005-FR4  )    JURY DEMANDED
                                  )
      *Defendant*.        )

## INTRODUCTION

1.       This complaint seeks a injunctive relief and a declaratory judgment that an assignment of Plaintiff's Mortgage from Mortgage Electronic Registration Systems, Inc. (MERS) to Wells Fargo Bank, N.A. (Wells Fargo), as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 (Trust) is void *ab initio*. As such, Wells Fargo is not the valid mortgagee and further lacks the authority to foreclose or enforce said mortgage.

2.       The Plaintiff prays that this Honorable Court declare said assignment void, and quiet the title of said property by declaring Plaintiff the sole owner of said property.

## JURISDICTION AND VENUE

3.       This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a citizen of a State outside of the State of Rhode Island.

4.       Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

a. Plaintiff claims ownership of the latter described premises and seeks to clear his title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

b. Plaintiff claims that only he has marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, eighteen (18) years of ownership of the fee interest.

c. Plaintiff, as mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

d. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

5. Plaintiff, Khaled Gabr, is a citizen of the State of Rhode Island and claims to be the owner of real property located 50-52 Columbus Avenue, Pawtucket, Rhode Island 02860, which is the subject property referenced herein.

6. Defendant Wells Fargo Bank, N.A. is a banking related services company who is the Trustee for the Securitized Asset Backed Receivables, LLC 2005-FR4, a common law trust, formed under the laws of the State of New York as a Real Estate Mortgage Investment Conduit (REMIC), pursuant to 26 U.S.C. § 860D-F as noted herein. Upon information and belief Defendant Wells Fargo Bank, N.A. is located at 420 Montgomery Street, San Francisco, CA 94163.

## FACTS

7. Plaintiff, Khaled Gabr, is a citizen of the State of Rhode Island and claims to be the owner of real property located 50-52 Columbus Avenue, Pawtucket, Rhode Island 02860, which is the subject property referenced herein.

2

8.      On or about January 31, 1997, the subject property was granted to. The Deed evidencing transfer of the ownership of the subject property was recorded in the City of Pawtucket, Clerks Office, Land Evidence Records in Book 870 Page 15 on February 4, 1997.

9.      On or about March 9, 2005, the Plaintiff executed a mortgage, in the amount of $288,150.00, to Fremont Investment & Loan as Lender and MERS as mortgagee and nominee for Lender. Said mortgage was recorded in the City of Pawtucket, Clerk's Office, Land Evidence Records on March 14, 2005, in Book 2317, at Page 106.

10.     On September 29, 2005, the Securitized Asset Backed Receivables, LLC 2005-FR4 closed. (See: Exhibit 1, "Closing Date")[1]. Plaintiff alleges that the Trust is a common law trust formed under the Laws of New York and New York Law controls the actions of the Trustee (See: Exhibit 2 Id. p. 2, Section 10.03 "Governing Law"), formed as a Real Estate Mortgage Investment Conduit (REMIC) under 26 U.S.C. § 860D-F. (See: Exhibit 3, Id. p. 4 & 5, "Preliminary Statement").  Wells Fargo Bank, N.A. is appointed as Trustee of said trust, (See: Exhibit 3, Id. p. 1 & 4).

11.     On or about December 29, 2005, the Trustee for the Securitized Asset Backed Receivables, LLC 2005-FR4 (a common law trust formed under the laws of New York), could no longer accept the transfer of assets (i.e. mortgages) as such an act would cause the Trust to lose its status as a REMIC trust under the Internal Revenue Code (See; 26 U.S.C. § 860D-F) and would be deemed in contravention of the Trust due to the impact of federal income tax consequences being imposed on a REMIC trust that would normally be allowed to simply "pass-though" its income to investors free of taxation. (See; N.Y. EPTL § 7-2.4).

---

[1]     Exhibits 1 - 3 are excerpt pages from the entire Pooling and Servicing Agreement of the Securitized Asset Backed Receivables, LLC 2005-FR4. As also noted in the Defendants' motion, the complete document can be found on the Securities and Exchange Commissions' public information website at; http://www.sec.gov/Archives/edgar/data/1339777/000116231805000873/m465psa.htm, and is incorporated by reference and made a part of  herein.

12.     Further, the Trust Document itself prohibits the Trustee from taking any action or allowing any amendment to the Trust that would violate the REMIC Tax Status of the Trust itself. (See: Exhibit 2, Sec. 10.01 "Amendment").

13.     On May 1, 2008, MERS purportedly assigned the subject mortgage to Wells Fargo as Trustee for said Trust. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket, Clerks Office, Land Evidence Records in Book 3017, at Page 81, on May 12, 2008. The note that is the underlying debt was also endorsed/transferred to Wells Fargo as Trustee for said Trust on May 1, 2008.

14.     On June 20, 2013, MERS purportedly assigned the subject mortgage a second time to Wells Fargo as Trustee for said Trust. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket, Clerks Office, Land Evidence Records in Book 3621, at Page 329, on July 1, 2013.

15.     Plaintiff alleges that the assignment of the mortgage and transfer of the note were in contravention of the trust as they were made after the closing date of the Trust, and are ineffective and void *ab initio*.

16.     Plaintiff alleges that the Trust is a common law trust formed under the Laws of New York, and had a closing date on or about July 28, 2006.

17.     Plaintiff alleges that the assignment of the mortgage and transfer of the note was in contravention of the trust as they was made after the closing date of the Trust, and are ineffective and void. "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. (See; N.Y. EPTL § 7-2.4). Therefore, the acceptance of the note and mortgage by the [Trust] after the date the trust closed, would be void." (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.Sup.Ct. 2013) 39 Misc.3d 1220(A) [2013 WL 1831799, p. *8]; see *Levitin & Twomey*, *Mortgage Servicing,* 28 Yale J. on Reg. at p. 14, fn. 35 [under N.Y. law, any transfer to the trust in contravention of the trust documents is void].) Relying on *Erobobo,* a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void *ab initio.* As such, none of the Saldivars' claims will be

dismissed for lack of standing." (*In re Saldivar* (Bankr. S.D.Tex., Jun. 5, 2013, No. 11-10689) 2013 WL 2452699, p. *4.). (See Also; *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 - Cal: Court of Appeal, 5th Appellate Dist. (2013)).

18.     Plaintiff alleges that the attempted assignment of the mortgage and transfer of the note to the Trust are an acts in contravention of the Trust due to the adverse tax consequence of the Trust losing its status as a REMIC under the Internal Revenue Code (See; 26 U.S.C. § 860D-F), and is therefore void *ab initio*, and that Wells Fargo is not the valid assignee of the subject mortgage and holder of the note or a valid mortgagee who can enforce the subject mortgage.

19.     Plaintiff alleges that the Trust Document itself prohibits the Trustee from taking any action or allowing any amendment to the Trust that would violate the REMIC Tax Status of the Trust itself. (See: Exhibit 2, Sec. 10.01 "Amendment").

20.     Plaintiff alleges that as the Trust Document cannot be amended, nor can the parties to said agreement ratify any amendment that would cause the REMIC status of the Trust to cease to qualify as a REMIC, the assignment of the subject mortgage and endorsement/transfer of the note to the Trust are void, not voidable.

21.     Plaintiff alleges that as the assignment of the subject mortgage and endorsement/transfer of the note to the Trust are void, Plaintiff has standing to make the claims made herein and they are a proper subject for relief.

22.     On January 8, 2015, Wells Fargo caused a Notice of Intention to Foreclose the subject mortgage and a Notice of Mortgagee's Foreclosure Sale stating a foreclosure sale date of March 4, 2015.

23.     Plaintiff alleges that as the assignment of mortgage and transfer of the note were both void *ab initio*, Wells Fargo, as trustee for the Securitized Asset Backed Receivables, LLC 2005-FR4 is not the valid assignee of the subject mortgage and holder of the note or a valid mortgagee who can enforce the subject mortgage and that as such any attempt to conduct foreclosure or a mortgagee's foreclosure sale are void, invalid and without force and effect.

## COUNT I
## DECLARATORY JUDGMENT & INJUNCTIVE RELIEF

24.     The Plaintiff hereby reincorporates paragraphs 1 – 23 as if they were fully articulated herein.

25.     Defendant Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 has no properly assigned interest in the property, the mortgage or note and, thus, has no standing to enforce the mortgage that is the subject of this action.

26.     There are no valid Assignments to Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4, which are duly acknowledged or executed in accordance with R.I.G.L. 34-11-1.

27.     Plaintiff is being irreparably harmed by the actions of the Defendant.

28.     Plaintiff has no other remedy at law but to seek the relief requested herein.

29.     The Equities of the matter favor the Plaintiff.

30.     Public Policy matters favor the Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

a.   Determine that the Assignment of Mortgage from MERS to Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 is void *ab initio*;

b.   Determine that Wells Fargo Bank, N. A. is not the valid note-holder;

c.   Determine that there are no proper assignments of record with regard to the mortgage;

d.   Order that Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4, has no interest in the subject property;

e.   Enjoin Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 from taking any foreclosure action;

f.   Award the Plaintiff compensatory damages against the Defendant for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

g.   Award legal fees and costs;

h.   Award punitive damages;

i.   Award such other relief as this Court deems just and proper.

## COUNT II
## QUIETING TITLE
## RHODE ISLAND GENERAL LAW §34-16-5

31.   The Plaintiff hereby restates and reincorporates paragraphs 1 – 30 as if they were fully articulated herein.

32.   The real estate as issue is located at 37 Whitehall Drive, Pawtucket, Rhode Island 02886.

33.   Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 claims to have an interest in the property pursuant to a void Assignment of Mortgage. The address of Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 is set forth hereinabove.

34.   Defendant, Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4, and Plaintiff, both make claim to the interest in the aforesaid subject property.

35.   Plaintiff claims title to the property pursuant to a Deed recorded in the City of Pawtucket, Clerks Office, Land Evidence Records in Book 870 Page 15 on February 4, 1997, granting the Property to Plaintiff.

36.   Defendant Wells Fargo Bank, N.A., as Trustee for Securitized Asset Backed Receivables, LLC 2005-FR4 claims an interest adverse to Plaintiff, by way of two void Assignments of the subject Mortgage from MERS, recorded in the City of Pawtucket, Clerks Office, Evidence of Land Records in Book 3017, at Page 81, on May 12, 2008; and in Book 3621, at Page 329, on July 1, 2013, respectively.

**WHEREFORE**, Plaintiff prays for the following relief:

j.   That judgment enters for him on this complaint regarding title to and ownership of the subject property that is subject of this claim;

k.   That the Court find as a matter of law that the owner of this property is Khaled Gabr;

l.   That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Khaled Gabr;

m.  That the court or other trier of fact, order the Defendant to pay Plaintiff damages which it deems appropriate; and

n.   That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Dated: February 27, 2015

Respectfully Submitted, Plaintiff,
Khaled Gabr, by his Attorney,
Todd S. Dion,


/s/ Todd S. Dion
Todd S. Dion Esq. (6852)
1599 Smith Street
North Providence, RI 02911
401-965-4131 Phone
401-639-4331 Fax
toddsdion@msn.com